IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Noe Agosto, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
| Dart Container Corporation of Illinois, and ) | |
| Solo Cup Operating Corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Noe Agosto, Jr., and complaining of Defendants, Dart Container Corporation of Illinois and Solo Cup Operating Corporation, alleges as follows:

### JURISDICTION

1. Regarding Plaintiff's FMLA claims, this Court has jurisdiction of the federal claim and the parties pursuant to 28 U.S.C. § § ("FMLA"), 1331 and 1343(4), as this matter lies pursuant to the Family and Medical Leave Act of 1993, (29 U.S.C.A. § 2601 et seq.) ("FMLA"); and over the state law claims pursuant to 28 U.S.C. §1367(a) as they are so related to the federal claims as to form the same case or controversy.

2. Regarding Plaintiff's ADA claims, this suit is brought and jurisdiction lies pursuant to the Americans with Disabilities Act of 1990, ("ADA") 42 U.S.C. § 12201 et seq.

3. Plaintiff brings this action pursuant to ADA § 107(a), 42 U.S.C. § 12117(a). ADA § 107(a), 42 U.S.C. § 12117(a), incorporates by reference Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5, which grants jurisdiction to this Court.

4. This Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331.

5. All preconditions to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have been satisfied.

6. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 180 days of Defendants' alleged employment discrimination.

7. The EEOC issued Plaintiff a "right to sue" letter on June 9, 2016.

8. Plaintiff filed this Complaint within 90 days from receiving his right to sue letter.

9. Venue lies properly within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because Defendants do business in this district and all of the events giving rise to Plaintiff's claims took place in this district.

## PARTIES

10. Plaintiff is a United States citizen and a resident of Chicago, Illinois.

11. Defendant Dart Container Corporation of Illinois is a Michigan corporation operating by virtue of the laws of the State of Illinois, at all times herein operated its business in Chicago, Illinois, and is headquartered in Michigan.

12. Defendant Solo Cup Operating Corporation is a Delaware corporation operating by virtue of the laws of the State of Illinois, at all times herein operated its business in Chicago, Illinois, and is headquartered in Michigan.

13. Defendants are a "person" within the meaning of the ADA.

14. Defendants are engaged in an industry that affects commerce within the meaning of the ADA.

15. Defendants each employ fifteen (15) or more employees and is an "employer" within the meaning of the ADA.

16. Defendants are an "employer" within the meaning of the FMLA, 29 U.S.C. §2611(4).

17. One or both Defendants hired Plaintiff in July 2011.

18. At all relevant times, Plaintiff was employed by one or both Defendants.

19. Plaintiff's job title with Defendants was Machine Operator III.

20. At all relevant times, Plaintiff's suffered and suffers from rheumatoid arthritis which is a disability under the ADA Amendments Act of 2008 ("ADAAA").

21. Plaintiff's rheumatoid arthritis limits his ability to care for himself, perform manual tasks, sit, stand for extended periods, lift, eat, sleep and/or work.

22. Plaintiff's rheumatoid arthritis affects the operation of a major bodily function, including musculoskeletal functions.

23. Defendants were aware that Plaintiff was disabled.

24. Defendants regarded Plaintiff as being disabled due to his rheumatoid arthritis.

25. Due to his disability, Plaintiff was periodically unable to work.

26. Plaintiff was previously granted intermittent Family Medical Leave Act leave due to his medical condition.

27. On or about January 20, 2015, Plaintiff again requested intermittent FMLA leave due to his medical condition.

28. Despite being aware of his medical condition and need for previous FMLA leave, Defendants refused to grant Plaintiff unpaid leave or intermittent FMLA leave.

29. Unpaid leave would have been a reasonable accommodation under the ADA.

30. Due to his medical condition, Plaintiff was unable to work for one or more days after requesting intermittent FMLA leave.

31. On each occasion he was unable to work due to his medical condition, Plaintiff contacted Defendants to so advise them.

32. On or about April 15, 2015, Plaintiff was terminated.

33. The reason given to Plaintiff by Defendants for his termination was that he had accumulated too many absences under Defendants' attendance policy.

34. Plaintiff had accumulated absences in excess of the allowable amount because Defendants had denied his request for intermittent FMLA leave.

### COUNT I - INTERFERENCE WITH PLAINTIFF'S FMLA RIGHTS

35. Plaintiff incorporates Paragraphs 1 through 34, as if fully set forth herein.

36. At all relevant times, 29 U.S.C. § 2614 mandated that eligible employees who take FMLA leave had the right to be restored to the position they held prior to the leave or an equivalent position when they return from leave.

37. At all relevant times, 29 U.S.C. § 2615 mandated that it is unlawful for an employer to interfere with an employee's FMLA protected rights.

38. On January 20, 2015, Plaintiff had been continuously employed with Defendants for over three (3) years and worked at least 1,250 hours during the twelve months immediately preceding the date on which his FMLA leave began.

39. Defendants interfered with Plaintiff's rights under the FMLA when they refused to grant him intermittent FMLA leave despite having received a medical certification from Plaintiff's doctor, requested that Plaintiff provide additional medical certification for FMLA leave, when they were on notice of Plaintiff's FMLA qualifying condition and need for intermittent leave and had granted Plaintiff's prior requests for intermittent FMLA leave.

40. Plaintiff's termination was in violation of the FMLA in the following ways:

a. Defendants denied Plaintiff his right to return to his position or an equivalent position after taking FMLA leave to which he was entitled;

b. Defendants denied Plaintiff's request for intermittent FMLA leave;

c. Defendants interfered with Plaintiff's FMLA protected rights; and

d. Defendants terminated Plaintiff.

41. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employee benefits, and has suffered and continues to suffer emotional distress, expenses, and damage to his reputation, as well as having to retain an attorney to litigate this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

a. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

b. Enjoining and permanently restraining these violations of the FMLA;

c. Awarding Plaintiff back wages and lost benefits due to Defendants' violations of the FMLA;

d. Directing Defendants to reinstate Plaintiff to his prior position and seniority level, or, in the alternative, awarding Plaintiff front pay;

e. Awarding Plaintiff interest on any compensation denied or lost to him because of Defendants' unlawful acts;

f. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

g. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

h. Awarding Plaintiff any further and additional relief as the Court may deem just and proper.

## COUNT II – RETALIATION AGAINST PLAINTIFF FOR TAKING FMLA LEAVE

42. Plaintiff incorporates paragraphs 1-34 as though fully set forth herein.

43. Plaintiff was terminated on or about April 15, 2015 in retaliation for exercising his rights under the FMLA.

44. Defendants' rationale for terminating Plaintiff is pretext in order to disguise FMLA retaliation.

45. But for having requested FMLA leave, taken FMLA leave and exercising his FMLA rights, Plaintiff would not have been terminated.

46. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employee benefits, and has suffered and continues to suffer emotional distress, expenses, and damage to his reputation, as well as having to retain an attorney to litigate this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

    a. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

    b. Enjoining and permanently restraining these violations of the FMLA;

    c. Awarding Plaintiff back wages and lost benefits due to Defendants' violations of the FMLA;

    d. Directing Defendants to reinstate Plaintiff to his prior position and seniority level, or, in the alternative, awarding Plaintiff front pay;

    e. Awarding Plaintiff interest on any compensation denied or lost to him because of Defendants' unlawful acts;

    f. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

    g. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    h. Awarding Plaintiff any further and additional relief as the Court may deem just and proper.

## COUNT III
## EMPLOYMENT DISCRIMINATION ON THE
## BASIS OF DISABILITY AND FAILURE TO ACCOMODATE

47. Plaintiff incorporates paragraphs 1-34 as though fully set forth herein.

48. While Plaintiff worked for Defendants, Defendants subjected Plaintiff to discrimination due to his disability, including but not limited to:

　a. Refusing to provide a reasonable accommodation for his disability;

　b. Failing to engage in an interactive dialogue with Plaintiff about an accommodation; and

　c. Terminating Plaintiff.

49. Plaintiff asserts that Defendants' given reason for taking adverse employment actions against Plaintiff and its refusal to accommodate Plaintiff was a mere pretext for discriminating against Plaintiff based on his disability.

50. Defendants were wanton, reckless, and intentional in subjecting the Plaintiff to discrimination in failing to accommodate his disability.

51. In failing to protect Plaintiff from discrimination due to the Plaintiff's disability and refusing to accommodate his disability, Defendants acted with malice or reckless indifference to the federally protected rights set out under 29 C.F.R. § 1615.130, and the ADA.

52. Defendants violated 29 C.F.R. § 1615.130 and the ADA, by allowing discrimination due to the Plaintiff's disability to exist in the workplace and refusing to accommodate his disability.

53. Plaintiff's disability was a determining factor in the discrimination and failure to accommodate his disability that Plaintiff experienced. But for the Plaintiff's disability, he would not have been discriminated against.

54. As a direct and proximate result of the Defendants subjecting Plaintiff to discrimination due to his disability and refusing to accommodate his disability, Plaintiff has suffered economic losses, including a loss of wages, benefits, and employment opportunities.

55. As a direct and proximate result of Defendants subjecting Plaintiff to discrimination due to his disability and refusing to accommodate his disability, Defendants have caused, continue to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount that is fair, just and reasonable, and for compensatory damages;

b. Prejudgment interest as may be allowed by law;

c. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits he would have earned with all lost or diminished benefits;

d. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

e. Judgment in favor of the Plaintiff and against Defendants for embarrassment, humiliation, loss of enjoyment of life and emotional distress in an amount to be determined by the trier of fact; and

f. Judgment against Defendants, in such an amount of actual damages, attorney fees, costs of this action, and all other relief just and proper in the premises.

## COUNT IV
## EMPLOYMENT DISCRIMINATION ON THE
## BASIS OF BEING REGARDED AS DISABLED

56. Plaintiff incorporates paragraphs 1-34 as though fully set forth herein.

57. Defendants regarded Plaintiff as being disabled due to Plaintiff's rheumatoid arthritis condition.

58. While Plaintiff worked for Defendants, Defendants subjected Plaintiff to discrimination due to the disability Defendants regarded Plaintiff as having, including but not limited to:

a. Treating other similarly-situated, non-protected employees better;

b. Failing to engage in an interactive dialogue with Plaintiff about an accommodation; and

c. Terminating Plaintiff.

59. Other similarly-situated, non-protected employees were treated better.

60. Plaintiff asserts that Defendants' given reason for Plaintiff's termination was a mere pretext for discriminating against Plaintiff based on his perceived disability.

61. Defendants were wanton, reckless, and intentional in subjecting the Plaintiff to discrimination in the following ways:

  a. In failing to protect Plaintiff from discrimination due to his perceived disability; and

  b. In showing preferential treatment by not subjecting non-protected employees to discrimination due to a perceived disability.

 62. In failing to protect Plaintiff from discrimination due to the Plaintiff's perceived disability, Defendants acted with malice or reckless indifference to the federally protected rights set out under the ADA.

 63. Defendants violated the ADA, by allowing discrimination due to the Plaintiff's perceived disability to exist in the workplace.

 64. Plaintiff's perceived disability was a determining factor in the discrimination that Plaintiff experienced. But for the Plaintiff's perceived disability, he would not have been discriminated against.

 65. As a direct and proximate result of the Defendants subjecting Plaintiff to discrimination due to his perceived disability, Plaintiff has suffered economic losses, including a loss of wages, benefits, and employment opportunities.

 66. As a direct and proximate result of Defendants subjecting Plaintiff to discrimination due to his perceived disability, Defendants have caused, continue to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

 WHEREFORE, Plaintiff prays for the following relief:

a. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount that is fair, just and reasonable, and for compensatory damages;

b. Prejudgment interest as may be allowed by law;

c. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits he would have earned with all lost or diminished benefits;

d. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

e. Judgment in favor of the Plaintiff and against Defendants for embarrassment, humiliation, loss of enjoyment of life and emotional distress in an amount to be determined by the trier of fact; and

f. Judgment against Defendant, in such an amount of actual damages, attorney fees, costs of this action, and all other relief just and proper in the premises.

                Respectfully submitted,

                /s/ Steven A. Wade
                Attorney for Plaintiff

Steven A. Wade
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street, Ste. 2100
Chicago, IL 60601
312/372-3822
Atty. ID # 6271068